IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO FREEMAN )
)
v. ) NO. 3:10-0696
)
BOB BARKER, et al. )

TO: Honorable William J. Haynes, Jr., District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered July 26, 2010 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

For the reasons set out below, the Court recommends that this action be dismissed with prejudice.

### I. BACKGROUND

The action was filed pro se and in forma pauperis by Antonio Freeman, who was an inmate at the Sumner County Jail ("Jail") at the time the lawsuit was filed. The plaintiff sued former Sumner County Sheriff Bob Barker, Jail Administrator Sonya Troutt, and

Southern Health Partners, Inc., for allegedly denying him adequate medical care at the Jail in violation of his civil rights. By Order entered December 6, 2010 (Docket Entry No. 7), the Court granted the plaintiff's motion to amend his complaint to clarify the basis for his claims and also directed that process issue to the three above mentioned defendants, as well as Dr. Matthews, who had been mentioned in the complaint.[1] In lieu of answers, defendants Barker and Troutt filed a joint motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 18) and defendant Southern Health Partners filed a motion for a more definite statement (Docket Entry No. 22). The plaintiff did not respond to either motion.

By Order entered February 16, 2011 (Docket Entry No. 37), the Court granted in part the plaintiff's motion (Docket Entry No. 16) to file a second amended complaint adding current Sumner County Sheriff Sonny Weatherford, in his official capacity only, given that the defendants had filed on December 28, 2010, a suggestion of death (Docket Entry No. 20) for defendant Bob Barker.[2] The Court also noted that, if a motion to substitute was not made within 90 days of the filing of the notice of death for defendant Barker, the plaintiff's

---

[1] Process did not issue to defendants in accord with the Order entered July 26, 2010 (Docket Entry No. 3). Therefore, by the December 6, 2010, Order, the Court directed that process issue to the four defendants, including Matthews. However, for some reason not apparent by the record, process was not issued to Matthews. It was not until the plaintiff finally returned a service packet that process was issued to Matthews on April 11, 2011. See Docket Entry Nos. 51-52.

[2] The Court denied the plaintiff's motion to amend in all other respects.

claims against defendant Barker in his individual capacity must be dismissed in accord with Rule 25(a)(1) of the Federal Rules of Civil Procedure.

By Order entered February 17, 2011 (Docket Entry No. 38), the Court, after noting that the plaintiff's complaint consisted of an 8-1/2 page narrative of events, granted the motion for a more definite statement and ordered that the plaintiff file, by March 7, 2011, a more definite statement of his claims, separately setting out his exact claims against each defendant and clearly asserting the alleged facts upon which the claims are based. The Court also directed that the Clerk send to the plaintiff a service packet for defendant Matthews and gave the plaintiff fourteen days to return the completed service packet for Matthews.[3] The motion to dismiss filed by defendants Barker and Troutt was taken under advisement pending the plaintiff's filing of his more definite statement and the two defendants were given a period of twenty-one (21) days from the filing of the more definite statement to withdraw their motion to dismiss or supplement the motion in light of the more definite statement.

The plaintiff did not return a service packet for Matthews or file a more definite statement by the deadlines set out in the February 17, 2011, Order. However, because the record in the action reflected that the plaintiff had been released from the Jail and may not

---

[3] The Court specifically directed the plaintiff to include in his more definite statement the claims and supporting facts regarding defendant Matthews. See Docket Entry No. 38, at 2.

have received all recent court mailings in a timely manner because of his release and relocation, the Court extended the deadlines for the plaintiff to file a more definite statement and to return a service packet for defendant Matthews to March 31, 2011. See Order entered March 17, 2011 (Docket Entry No. 46).

The record in the action shows that the plaintiff has not filed a more definite statement of his claims as he was ordered to do by the Court. On April 8, 2011, defendants Barker, Weatherford, and Troutt renewed the pending motion to dismiss. See Docket Entry No. 49. On April 22, 2011, defendants Southern Health Partners and Matthews also filed a motion to dismiss (Docket Entry No. 53).

## II. CONCLUSIONS

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction.

In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or

failure to prosecute by a plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The record shows that the plaintiff signed the return receipt card for the certified mailing of the Orders entered February 16 and 17, 2011, see Docket Entry No. 48, and thus had knowledge of the Court's directive that he file a more definite statement. This conclusion is buttressed by the fact that the plaintiff returned a completed service packet for defendant Matthews on March 29, 2011. See Docket Entry Nos. 51-52.

The plaintiff apparently wishes to litigate this case on his own terms and with disregard of the orders of the Court or the basic duties required of all litigants. Despite the specific directive from the Court, he has failed to file a more definite statement of his claims against the defendants. Furthermore, he has not kept the Court accurately informed of his current address[4] and has taken no action to either substitute a party in place of defendant Barker within the time permitted under Rule 25(a)(1) of the Federal Rules of Civil Procedure or to voluntarily dismiss the individual capacity claims against defendant

---

[4] Although the plaintiff filed a change of address notice on January 5, 2011 (Docket Entry No. 30), which was likely his first address subsequent to his release from the Jail, this was the only change of address notice filed by the plaintiff despite the fact that he has subsequently moved to different addresses on at least two more occasions. The Clerk and the Court have no duty to review other litigation for updated addresses or to comb the record in this case for forwarding addresses on returned mail or for other clues to determine the plaintiff's current address.

Barker. Finally, the plaintiff has not responded in any manner to the motions filed by the defendants in this action.

Dismissal of the action with prejudice is appropriate in light of the plaintiff's blatant disregard of the Court's order to file a more definite statement, his failure to provide any valid justification for his actions, the impasse in further proceedings in the action and the prejudice to the defendants' ability to defend the action caused by plaintiff's conduct, and the needless expenditure of resources by the Court and the defendants caused by the plaintiff's conduct. Given the steps the Court has taken to ensure the plaintiff received notice of the Court's orders and the extension of time provided to him to comply, a sanction less than dismissal is not warranted.[5]

**RECOMMENDATION**

Accordingly, the Court respectfully RECOMMENDS that:

1) the individual capacity claims against defendant Bob Barker be DISMISSED WITH PREJUDICE under Rule 25(a)(1) of the Federal Rules of Civil Procedure; and

2) this action be DISMISSED with prejudice in its entirety pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure; and

---

[5] The fourteen day period for filing objections to this Report and Recommendation provides the plaintiff with notice of the sanction of dismissal and the opportunity to show good cause why the action should not be dismissed.

3) the plaintiff's motion to review (Docket Entry No. 14), and the motions to dismiss (Docket Entry Nos. 18, 49 and 53) be DENIED as moot in light of this Report and Recommendation with leave to renew if the recommendations are not accepted.

The Clerk is directed to mail a copy of this Report and Recommendation to the plaintiff at 3119 Creekwood Drive, Nashville, TN 37207, which may be the plaintiff's current address, see Docket Entry Nos. 51-52, as well as to the address listed for the plaintiff on the docket.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge